UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No.: 3:12-cv-00490-MOC

| | |
|---|---|
| NA'IL R. DIGGS and TIFFANY DIGGS,<br><br>**Plaintiffs,**<br><br>v.<br><br>WELLS FARGO BANK, N.A. and WELLS FARGO ADVISORS, LLC,<br><br>**Defendants.** | BRIEF IN OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER |

Defendants Wells Fargo Bank, N.A. ("Wells Fargo Bank") and Wells Fargo Advisors, LLC ("Wells Fargo Advisors") (collectively "Defendants"), proceeding by undersigned counsel, submit this Brief in Opposition to Plaintiffs' motion for temporary restraining order (the "Motion") pursuant to Local Civil Rule 7.1.

### I. The Loan, the Default, the State Foreclosure Action and the Motion for TRO

This case involves Plaintiffs' attempt to avoid the consequences of defaulting on a $1,380,000.00 mortgage loan (the "Loan") that is secured by certain real property. The Loan is reflected by a Fixed/Adjustable Rate Note dated April 25, 2008, (the "Note") and secured by a Deed of Trust dated April 25, 2008, recorded in the Union County Public Registry at Book 04880, Page 472 on April 29, 2008 (the "Deed of Trust"). Copies of the Note and Deed of Trust are attached to the Verified Complaint in this action as Exhibits C and D, respectively.

Plaintiffs defaulted on their payment obligations under the Note, and Wells Fargo Bank commenced a foreclosure proceeding in Union County Superior Court (the "Foreclosure Proceeding"). On May 23, 2012, the Union County Superior Court issued a Foreclosure Order declaring that:

(1) Wells Fargo Bank is the holder of the Note;

(2) The Note constitutes a valid debt;

(3) There had been a default under the Note and Deed of Trust; and

(4) Wells Fargo Bank is entitled to have the Deed of Trust foreclosed upon under the power of sale contained in the Deed of Trust.

A true and correct copy of the Foreclosure Order is attached to the Verified Complaint as <u>Exhibit F</u>. Pursuant to N.C. Gen. Stat. § 45-21.16(d1), Plaintiffs had ten (10) days within which to appeal the Foreclosure Order. Plaintiffs did not file or serve a timely appeal, which means the Foreclosure Order is a final order – and the issues decided therein are binding and cannot be re-litigated – under the principles of res judicata.

The foreclosure sale was held on July 31, 2012. Plaintiffs have applied for a temporary restraining order to enjoin the consummation of the foreclosure sale under N.C. Gen. Stat. § 45-21.34, which provides as follows:

> Any owner of real estate…may apply to a judge of the superior court, prior to the time that the rights of the parties to the sale or resale becoming fixed…to enjoin such sale, upon the ground that the amount bid or price offered therefore is inadequate…or upon any other legal or equitable ground which the court may deem sufficient…the procedure shall be as is now prescribed by law in cases of injunction and receivership….

**II.  Legal Analysis**

Plaintiffs' counsel represented to Defendants' counsel during a telephone conference on the afternoon of August 8, 2012, and through a draft brief provided late yesterday afternoon, that the only issue for consideration by this Court during the August 9, 2012 hearing would be Plaintiffs' contention that the Deed of Trust is invalid and unenforceable because it "does not properly and legally identify the obligation it secures and that such is invalid to foreclose upon the Property," and

specifically, because it did not describe a Pledged Collateral Agreement attached to the Complaint as Exhibit B.

On the basis of those representations, Defendants have prepared the following legal analysis that addresses that issue and shows that Plaintiffs cannot show a likelihood of success on the merits of this argument because (1) the Deed of Trust does in fact specifically identify the Note, which is the obligation that it secures, and it is not necessary for the Deed of Trust granted by Na'il Diggs and his wife Tiffany Diggs to describe the Pledged Collateral Agreement that Plaintiff Na'il Diggs executed in order to provide additional security for the Note; and (2) the issue of enforceability of the Deed of Trust was decided by the Clerk of court in Union County in the Foreclosure Proceeding and addressed in the Foreclosure Order, which became final upon expiration of the 10-day period within which to notice an appeal to the Superior Court. Thus, Plaintiffs claims are barred by the doctrine of res judicata. Accordingly, Plaintiffs Motion should be denied.

1. Standard for Temporary Restraining Order

Under the standard for obtaining a temporary restraining order with notice under Rule 65 of the Federal Rules of Civil Procedure, Plaintiff must show (1) the likelihood that it will succeed on the merits; (2) the likelihood of irreparable harm in the absence of preliminary relief; (3) whether the balance of the equities tips in Plaintiff's favor; and (4) whether an injunction is in the public interest. While the Court must weigh all of these factors, the first two generally receive the most attention. E*x-Cell Home Fashions, Inc. v. Carnation Home Fashions, Inc*., No. 3:10-CV-296, 2010 U.S. Dist. LEXIS 84338, (W.D.N.C. July 15, 2010).

Plaintiffs purport to bring their motion for a temporary restraining order under the provisions of NCGS 45-21.34; however, the federal rules of decision apply with respect to the

granting or denial of any preliminary injunctive relief. Fed. R. Civ. P. Rule 65. Even if this case had remained in North Carolina Superior Court, it is clear under N.C. Gen. Stat. § 45-21.34 that North Carolina's injunction procedures under North Carolina's version of Rule 65 would govern this motion. N.C. Gen. Stat. § 45-21.34 (stating that ". . .the procedure shall be as is now prescribed by law in cases of injunction . . . "). In any event, the standards under both state and federal law require Plaintiffs to show a likelihood of success on the merits, which Plaintiffs have failed to do. (See, *DuBose v. Gastonia Mut. Sav. & Loan Assn.*, 55 N.C. App. 574, 578, 286 S.E.2d 617, 620 (1982) (Affirming denial of injunctive relief under § 45-21.34 because the plaintiffs "failed to establish probable cause showing that they could ultimately prevail in a final determination").

    2.    <u>Plaintiffs' Motion is Barred Under the Principles of Res Judicata</u>

Plaintiffs' Motion is a clear attempt to re-litigate an issue which was previously decided by the Clerk during the Foreclosure Proceeding, and which is the subject of the Foreclosure Order which became a final order when the 10-day appeal period set forth in 45-21.16 expired. Because the Foreclosure Order is a final order, Plaintiffs are precluded under principles of *res judiciata* from collaterally attacking the Union County Superior Court's determination that Wells Fargo is the valid note holder or that the substitute trustee can proceed to foreclose. *Phil Mechanic Construction Co., Inc. v. Haywood*, 72 N.C. App. 318, 322, 325 S.E.2d 1, 3 (1985) ("when a mortgagee or trustee elects to proceed under G.S. 45-21.1, et seq., issues decided thereunder as to the validity of the debt and the trustee's right to foreclose are ***res judicata*** and cannot be relitigated") (emphasis in original).

The purpose of § 45-21.34 is not to give Plaintiffs a second bite at the apple, after the expiration of time to appeal, as to issues decided by the Clerk at the foreclosure hearing, but is to afford borrowers the opportunity to raise equitable or legal issues that could not have been

properly raised in the expedited proceedings permitted under § 45-21.16. *See, In re Fortescue*, 75 N.C. App. 127, 330 S.E. 2d 219 (1985) (Stating that equitable defenses, such as estoppels based on the acceptance of late payments, may not be raised in a foreclosure hearing pursuant to this section, but must instead be asserted in an action to enjoin the foreclosure sale under G.S. 45-21.34).

Even though, as argued below, Plaintiffs cannot demonstrate a likelihood of success at trial on this claim/defense, the Court should not reach that analysis. The issue of the sufficiency of the Deed of Trust to support the Substitute Trustee's foreclosure of the Deed of Trust was decided by the Clerk on May 23, 2012 (See <u>Exhibit F</u> to the Verified Complaint).

3. <u>The Deed of Trust Specifically and Accurately Identifies the Note</u>

"A mortgage is a conveyance by a debtor to his creditor, or to someone in trust for him, as a security for the debt." *Walston v. Russell*, 248 N.C. 691, 693, 105 S.E.2d 62, 64 (1958). "Since by definition a mortgage is a conveyance of property to secure the obligation of the mortgagor, it is necessary for the mortgage to identify the obligation secured." *Id.* Accordingly, to be enforceable in North Carolina, a deed of trust must "specifically identify the debt referenced therein." *In re Beckhart*, 2010 Bankr. Lexis 1203 at *8 (Bankr. E.D.N.C. 2010).

Plaintiffs contend that the Deed of Trust is invalid and does not provide a lien on the real property because it does not describe the Pledged Collateral Agreement. Plaintiffs argument fails, however, because the Pledged Collateral Agreement is not "the debt" or the "obligation secured", but is a separate and additional source of collateral securing the debt provided to Wells Fargo by the Plaintiff Na'll Diggs. Plaintiffs fail to cite any authority for their proposition that a security agreement for personal property (in this case, securities held in an investment account)

5

which secures obligations under the same note referenced in a deed of trust on real estate must cross-reference each other.

In *In re Foreclosure of Deed of Trust of Enderle*, 110 N.C. App. 773, 431 S.E.2d 549 (1993), the deed of trust referenced the wrong obligor of the debt owed. Likewise, in *Putnam v. Ferguson*, 130 N.C. App. 95, 502 S.E.2d 386 (1998), the court held that the deed of trust was invalid because it identified a certain person as the debtor, while the promissory note was executed by two other persons. In the instant case, the Deed of Trust specifically and accurately describes the Note, but does not reference a separate security agreement providing additional security for the Note. The cases Plaintiffs cite are inapplicable because they address failure to accurately describe the debt as opposed to a failure to identify other collateral that may also secure the same debt.

Plaintiffs have provided no legal support for their assertion that the deed of trust is invalid and unenforceable because it fails to describe another security agreement that provides additional security for repayment of the debt. The Deed of Trust accurately describes the Note, and therefore, Wells Fargo Bank is entitled to enforce the Deed of Trust and exercise the power of sale contained therein, as determined by the Clerk in the Foreclosure Proceeding and set out in the Foreclosure Order. Because the proposition asserted by Plaintiffs in their last minute effort to avoid foreclosure is not now and never has been the law of North Carolina, Plaintiffs cannot succeed on the merits of the claim which they have represented to be the basis for their Motion for Temporary Restraining Order.

## **CONCLUSION**

Defendants respectfully request that Plaintiffs' Motion be denied for the reasons set forth above and grant Defendants such additional relief as the Court deems just and proper.

This 9th day of August, 2012.

        **WOMBLE CARLYLE SANDRIDGE & RICE, LLP**

        /s/ Lee Williams (#35657)
        Jim D. Cooley (N.C. State Bar No. 5553)
        Kenneth B. Oettinger, Jr. (N.C. State Bar No. 20064)
        Lee Williams (NC State Bar No. 35657)
        301 South College Street, Suite 3500
        Charlotte, NC 28202-6037
        Telephone: (704) 331-4900

        *Attorneys for Defendants Wells Fargo Bank, N.A. and Wells Fargo Advisors, LLC*

## CERTIFICATE OF SERVICE

This is to certify that on the 9th day of August, 2012, a copy of the foregoing Brief in Opposition to the Motion for Temporary Restraining Order was served via the Court's ECF system as follows:

    James W. Surane
    Jesse Melvin Tillman , III
    The Law Office of James W. Surane, PLLC
    19520 W. Catawba Avenue, Suite 313
    Cornelius, NC 28031
    *Attorneys for Plaintiffs*

                              /s/ Lee Williams (#35657)
                              Lee Williams