IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12cv490

| | |
|---|---|
| NA'IL DIGGS; and TIFFANY DIGGS, | ) |
| Plaintiffs, | ) |
| Vs. | ) ORDER DENYING TRO |
| WELLS FARGO BANK, NA; and WELLS FARGO ADVISORS, | ) |
| Defendants. | ) |

**THIS MATTER** is before the court on plaintiffs' application for the issuance of a Temporary Restraining Order under Federal Rule of Civil Procedure 65(b) (the "Application").[1] The court has considered all of the pleadings, including the Verified Complaint, the exhibits annexed thereto, the "Verified Complaint, Motion to Set Aside Order & Stay Petition for Sale Pursuant to N.C. Gen. Stat. 1A-1, Rule 60(b), Motion for Temporary Restraining Order (N.C.G.S. 45-21.16 and 34) Motion for Injunction" (#1-2), the "Motion for Temporary Restraining Order" (#1-1), and a separate Motion for Temporary Restraining Order (#5). In addition, the court considered plaintiffs' Memorandum (#5-3). On August 9, 2012, counsel for all parties appeared and oral arguments were heard.

In the portions of their verified Complaint that concern irreparable injury, plaintiffs have averred that

> [a] home is uniquely valuable. It is the largest investment many North Carolinians will make in their lifetimes, and provides one of the few opportunities for a North Carolinian to build wealth. But a home is also where the Plaintiffs raised their children and accumulated their memories. Misrepresentations that jeopardize a borrower's home are unconscionable and the damage is irreparable.

---

[1] While plaintiffs cited Rule 60(b) of the North Carolina Rules of Civil Procedure in support of their motion, upon removal to this court the Federal Rules of Civil Procedure became applicable. The court will, however, apply the substantive law of North Carolina in determining whether grounds exist for issuing the requested TRO.

Id., at 1. Counsel for plaintiffs goes on to argue in the "Motion for Temporary Restraining Order" (#1-1) that "[p]laintiffs are likely to prevail on the merits raised in the Verified Complaint . . . ." Id., at 2.

## FINDINGS AND CONCLUSIONS

Applications for issuance of a Temporary Restraining Order (hereinafter "TRO") in Federal Court are procedurally goverend by Rule 65(b), Federal Rules of Civil Procedure, which provides as follows:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed.R.Civ.P. 65(b). In seeking a post-sale TRO under North Carolina foreclosure law, the North Carolina Supreme Court held in Swindell v. Overton, 310 N.C. 707 (1984), that the injunctive relief found in N.C. Gen.Stat. § 45–21.34 only provides for *limited* relief in foreclosure proceedings. Id., at 714. Specifically, the statute provides as follows:

> Any owner of real estate, or other person, firm or corporation having a legal or equitable interest therein, may apply to a judge of the superior court, prior to the time that the rights of the parties to the sale or resale becoming fixed pursuant to G.S. 45-21.29A to enjoin such sale, upon the ground that the amount ***bid or price offered therefor is inadequate and inequitable and will result in irreparable damage to the owner or other interested person, or upon any other legal or equitable ground which the court may deem sufficient***: Provided, that the court or judge enjoining such sale, whether by a temporary restraining order or injunction to the hearing, shall, as a condition precedent, require of the plaintiff or applicant such bond or deposit as may be necessary to indemnify and save harmless the mortgagee, trustee, cestui que trust, or other person enjoined and affected thereby against costs, depreciation, interest and other damages, if any, which may result from the granting of such order or injunction: Provided further, that in other respects the procedure shall be as is now prescribed by law in cases of injunction and receivership, with the right of appeal to the appellate division from any such order or injunction.

N.C.Gen.Stat. Sect. 45-21.34 (emphasis added).

First, the court has closely reviewed all of the removal papers and can find no where in the application for a TRO an allegation that the bid was inadequate and inequitable. Indeed, the bid

price is noticeably absent from any of the pleadings despite the foreclose sale having allegedly taken place on July 31, 2012. The North Carolina Supreme Court has held, as follows:

> Nor is inadequacy of price alone sufficient to avoid the sale. But gross inadequacy of consideration, when coupled with any other inequitable element, even though neither, standing alone, may be sufficient for the purpose, will induce a court of equity to interpose and do justice between the parties.

Weir v. Weir, 196 N.C. 268, 270, 145 S.E. 281, 282 (1928) (internal citations omitted). The Court further clarified their decision in Weir in Swindell, supra, holding that:

> it is the materiality of the irregularity in such a sale, not mere inadequacy of the purchase price, which is determinative of a decision in equity to set the sale aside. Where an irregularity is first alleged, gross inadequacy of purchase price may then be considered on the question of the materiality of the irregularity. Where inadequacy of purchase price is necessary to establish the materiality of the irregularity, it must also appear that the irregularity or unusual circumstance caused the inadequacy of price.

Id., at 713 (citations omitted). At the hearing, counsel for defendants informed the court that the bid price was $950,000.00, which was $120,000.00 above the properties appraised value. Plaintiffs stated that they were in negotiations with a potential buyer, who was willing to pay between 1.1 and 1.2 million dollars for the property. Taking all such allegations as true, plaintiffs have failed to establish that the bid price was both inadequate and inequitable, making their application for a TRO unavailing as a matter of law.

Second, the court has considered whether plaintiffs have shown "any other legal or equitable ground which the court may deem sufficient...." N.C. Gen.Stat. § 45–21.34. Plaintiffs argued at the hearing that the Deed of Trust is invalid and unenforceable because it does not properly and legally identify the obligation it secures and that such is invalid to foreclose upon the Property and because it did not describe a Pledged Collateral Agreement attached to the Complaint as Exhibit B. While plaintiffs conceded much of this argument at the close of the hearing, this argument is insufficient for issuance of a TRO under § 45–21.34 for two reasons: first, plaintiffs have made no showing that any of the foreclosure documents are insufficient;[2] and second, such argument attacks the

---

[2] Based on plaintiffs' concession, the court will not discuss such issue further.

Foreclosure Order of the Clerk of Superior Court, which was issued May 23, 2012, and is final inasmuch as the 10-day appeal period set forth in § 45-21.16 has long since expired.

Principles of *res judicata* prevent plaintiffs from collaterally attacking, under the banner of § 45–21.34, the Union County Superior Court's earlier determinations as to the validity of the note and the decision to allow the substitute trustee to proceed with a foreclosure sale. Phil Mechanic Construction Co., Inc. v. Haywood, 72 N.C. App. 318, 322 (1985). A mechanism for challenging those determinations was provided by § 45-21.16, which plaintiffs conceded at the beginning of the hearing that they had declined to pursue.

To the extent that plaintiffs are alleging that they are entitled to relief because they are likely to prevail on their North Carolina state law claims, a showing of "likelihood" to prevail divorced from a showing of irreparable harm is insufficient. Likewise, to the extent that plaintiffs may be arguing that the TRO should issue because they are likely to prevail on their federal claims under Section 2605 of the Real Estate Settlement Procedures Act ("RESPA"), Section 2614 of RESPA provides that claims for violations of § 2605 must be brought within three years from the date of the *occurrence* of the violation:

> **§ 2614. Jurisdiction of courts; limitations**
> Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred, within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation, except that actions brought by the Secretary, the Attorney General of any State, or the insurance commissioner of any State may be brought within 3 years from the date of the occurrence of the violation.

12 U.S.C. § 2614. See Booker v. Washington Mut. Bank, 2007 U.S. Dist. LEXIS 9632, at *11 (M.D.N.C. Feb. 9, 2007). Review of the pleadings, including the exhibits annexed to the Complaint, reveals that the events upon which plaintiffs' federal claims are founded all occurred on or before April 2008. See Compl., at ¶¶ 6-10. Inasmuch as plaintiffs did not file this suit until August 7, 2012 – more than "3 years in the case of a violation of section 2605 ..." 12 U.S.C. § 2607

– the three-year statute of limitation had, therefore, run at the time this action was filed. Thus, plaintiffs are not likely to prevail on federal claims that are time barred.

In summary, plaintiffs' request for injunctive relief is in no way actionable or justiciable as the request does not cross the threshhold of substantive federal or state law. The court has, in an abundance of caution, conducted the required analysis under applicable case law:

> Prior to the *Winter* [*Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008)] decision, in the Fourth Circuit, preliminary injunctions and temporary restraining orders were governed by the standard articulated in *Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir.1977). In *Real Truth About Obama, Inc. v. Federal Election Com'n*, 575 F.3d 342 (4th Cir. August 5, 2009), the Fourth Circuit concluded that the *Blackwelder* test stood in "fatal tension with the Supreme Court's 2008 decision in *Winter*." Id. at 346. In keeping with *Winter*, the Fourth Circuit found that first, a plaintiff must now show that he will "likely succeed on the merits" regardless of whether the balance of hardships weighs in his favor. *Id.* at 346. Also, the likelihood of success on the merits requires more than simply showing that "grave or serious questions are presented." *Id.* at 347. Second, the plaintiff must make a clear showing that he will likely be irreparably harmed absent preliminary relief. *Id.* That the plaintiff's harm might simply outweigh the defendant's harm is no longer sufficient. *Id.* The showing of irreparable injury is mandatory even if the plaintiff has already demonstrated a strong showing on the probability of success on the merits. *Id.* Third, the Court is admonished to give "particular regard" to the "public consequences" of any relief granted. *Id.* Finally, there no longer exists any flexible interplay between the factors, because all four elements of the test must be satisfied. *Id.*

White v. Miller, 2011 WL 1168045, 2 (D.S.C. Mar. 7, 2011).[3]

Reviewing plaintiffs' motion based on such factors, the court concludes as follows: first, plaintiffs have not shown *any* likelihood of success on the merits; second, plaintiffs have made no showing of irreparable harm as that term is defined under the statute; third, the balance of equities does not tip in plaintiffs' favor as they have shown no equitable basis for granting such relief; and fourth, an injunction is not in the public interest because the relief sought would interfere with the

---

[3] The court notes that Real Truth About Obama, Inc. v. Federal Election Com'n, 575 F.3d 342 (4th Cir. 2009), was vacated by the Supreme Court in Real Truth About Obama, Inc. v. Federal Election Com'n, ___ U.S. ___,130 S.Ct. 237 (Apr. 26, 2010) for further consideration in light of Citizens United v. Federal Election Comm'n, 558 U.S___, 130 S.Ct. 876 (2010), which dealt with First Amendment issues and not the standard for considering injunctive relief.

orderly disposition of foreclosed property for no discernable reason.

Plaintiffs' motion will, therefore, be denied for the reasons herein discussed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiffs' "Verified Complaint, Motion to Set Aside Order & Stay Petition for Sale Pursuant to N.C. Gen. Stat. 1A-1, Rule 60(b), Motion for Temporary Restraining Order (N.C.G.S. 45-21.16 and 34) Motion for Injunction" (#1-2), "Motion for Temporary Restraining Order" (#1-1), and Motion for Temporary Restraining Order (#5) are **DENIED.**

Signed: August 13, 2012

Max O. Cogburn Jr.
United States District Judge